JOHN TYLER *vs.* WATSON FREEMAN.

Where goods were sold, to be paid for by "a satisfactory note at four months, or three per cent off for cash," and, in pursuance of a usage to that effect, were delivered to the buyer, before the terms of sale were complied with: It was held, that the sale was conditional; that the condition was not waived by the delivery; that, so long as the terms of sale were not complied with, the goods could not be attached by the creditors of the buyer, and held against the seller; and that the seller might retake the goods at any time before the terms of sale were complied with, and might maintain replevin for them without a previous demand.

An auctioneer, who, as the agent of the owner, sells and delivers goods on a condition which is not complied with, may maintain replevin therefor.

THIS was an action of replevin for fifteen hogsheads of molasses, and was submitted to the court upon an agreed statement of facts, from which it appeared, that the plaintiff, who was an auctioneer, on the 11th of June, 1846, sold at auction for Kettell & Collins, on the wharf opposite their store, sixteen hogsheads of molasses, which were purchased by Davis, Brown & company, the terms of sale being a satisfactory note at four months, or three per cent off for cash; that, on the day of the sale, the plaintiff's clerk called on the purchasers, and stated to Davis, one of the firm, that their note would not be satisfactory, and was answered by Davis, that it would be time enough for Kettell & Collins to refuse the note, when it was offered to them, but that he should comply with the terms of the sale and pay cash three per cent off; that, after this promise, and on the same day, the goods were delivered; that, on the 12th of June, being the day after the

sale and delivery, the bill of parcels was sent, with the words, "4. mos. 3 per cent off," written on the margin; that, on the 13th, the clerk of the plaintiff called on the purchasers for the money, and was told by Davis that he would see the plaintiff and make it satisfactory; that, on the 16th, fifteen hogsheads of the molasses, (one having been sold) were taken with all the stock of Davis, Brown & company, by the defendant, as a deputy sheriff, on an execution in favor of Joseph Brown; that, afterwards, on the day of the seizure, the plaintiff sent to Davis, Brown & company, to get the molasses, and was informed by them that there was an attachment on it, and that he could not have it without a writ of replevin; that, on the 20th of June, the fifteen hogsheads were replevied by the plaintiff, a formal demand thereof having been previously made; that the plaintiff had made no advances on the molasses, but was merely employed to sell the same at auction; and that it was customary, in cash sales, to deliver the goods before the money was paid.

*W. Dehon,* for the plaintiff.

*A. B. Ely,* (with whom was *S. Bartlett,*) for the defendant.

METCALF, J. The court are of opinion that the sale, in this case, was conditional, and that the condition was not waived by the delivery, nor by any thing afterwards done or omitted by the plaintiff. In *Smith* v. *Dennie,* 6 Pick. 262, cited by the defendant's counsel to show that the plaintiff's delay was fatal to his present claim, the note for the goods sold was not called for by the seller until eight days after the sale. In the present case, the plaintiff followed up the buyers, without intermission, until the property was seized on an execution against them.

It is contended for the defendant, that the action, if maintainable at all, cannot be maintained by the plaintiff; he having sold the property as auctioneer, and being the mere servant or agent of the owners; that although, by the decisions in *Williams* v. *Millington,* 1 H. B. 81, and other cases cited for the plaintiff, he may maintain an action of assumpsit against the buyer, for goods sold, yet he cannot

maintain an action of *tort* against a third party, who obtains the goods from the buyer by an illegal taking, or otherwise. But we do not perceive any difference in principle between the two cases. The grounds on which *Williams* v. *Millington* proceeded were, that an auctioneer has a possession, coupled with an interest, in goods which he is employed to sell; not a bare custody, like a servant or shopman, but a special property, with a lien for the charges of the sale, the commission, and the auction duty which he is bound to pay. Heath, J., said, if the goods should be stolen, the auctioneer might maintain trespass or an indictment for larceny. According to this and the other decisions cited for the plaintiff, he had a special property in the goods sold by him. That property was not lost nor divested by what passed between him and the buyers. He is liable to his employers for the goods, or for the price at which they were sold, and may well maintain the present action, by the principles of the common law. He is also the "party entitled to possession," within the meaning of the Rev. Sts. *c.* 113, § 27. In *Furniss* v. *Hone*, 8 Wend. 247, auctioneers brought a bill in equity against third persons, to whom the buyer had fraudulently transferred the goods, without paying the plaintiffs for them, and no objection was made to their right to maintain such bill in their own names. See also Paley on Agency, (Lloyd's ed.) 363.

The other point made in this case, viz., that an attaching creditor can hold the goods against the plaintiff, was decided in the preceding case of *Hill* v. *Freeman.*

*Judgment for the plaintiff.*